PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOEL MOTT, | ) | |
| | ) | CASE NO.  1:10CV0164 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LEE LUCAS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 70, 73, 74, and 77] |

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| NOEL MOTT, | ) | |
| | ) | CASE NO.  1:10CV2752 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This action is before the Court upon Plaintiff's Motion for Reconsideration or, in the

Alternative, for a Certification of Leave to Appeal and a Stay in this Court Pending the Outcome

of the Appeal (ECF No. 70), filed on July 25, 2011.  The Court has reviewed the memorandum in

support, joint memorandum in opposition (ECF No. 71), and reply memorandum (ECF No. 78).[1]

For the reasons set forth in Section II below, Plaintiff's Motion for Reconsideration is denied and

---

[1]  This Court retains jurisdiction to decide Plaintiff's motion.  This Court is
divested only of "its control of those aspects of the case involved in the appeal." Griggs
v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (citation omitted).

(1:10CV0164)

Plaintiff's Motion for a Certification of Leave to Appeal and a Stay is granted, in part.  The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason to delay appellate review and expressly directs entry of judgment.  In addition, the Court finds that certification for appeal is in the interests of clarity and judicial efficiency.

This action is also before the Court upon Defendants Richland County, Matt Mayer, and Larry Faith's Motion for Stay Pending Appeal (ECF No. 73), Defendant Lee Lucas's Motion for Stay Pending Appeal (ECF No. 74), and Defendant Charles Metcalf's Motion for Stay (ECF No. 77).  The motions for stay are granted for the reasons set forth in Section III below.

I.

This case is brought by Plaintiff pursuant to 42 U.S.C. §§ 1983, 1985 and *Bivens*.[2]  It is one that involves multiple claims and multiple parties.  On July 15, 2011, the Court entered a Memorandum of Opinion and Order (ECF No. 69) that disposed of some but not all of the claims and parties.  The Court granted in part and denied in part Defendants' motions for summary judgment based upon qualified immunity.

Defendants Faith, Mayer, Lucas, and Metcalf have filed interlocutory qualified-immunity appeals.  *See Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006) (The Court of Appeals may exercise jurisdiction "[o]nly to the extent that a summary judgment order denies qualified immunity based on a pure issue of law.").  On August 1, 2011, Defendants Faith and Mayer appealed to the United States Court of Appeals for the Sixth Circuit "from those parts of

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2

(1:10CV0164)

the District Court's Memorandum of Opinion and Order . . . which denied their respective

motions for qualified immunity to Plaintiff's claims under 42 U.S.C. § 1983." ECF No. 72.  The

appeal has been assigned Case No. 11-3853.

On August 4, 2011, Defendant Lucas  appealed to the Sixth Circuit "from the order

denying in part defendant Lucas' Motion to Dismiss the Complaint/Motion for Summary

Judgment on Qualified Immunity Grounds." ECF No. 75 at 1.  The appeal has been assigned

Case No. 11-3854.

On August 5, 2011, Defendant Metcalf appealed to the Sixth Circuit "from that portion of

the Memorandum of Opinion and Order . . . denying in part Defendant Metcalf's Motion for

Summary Judgment seeking qualified immunity." ECF No. 76 at 1.  The appeal has been

assigned Case No. 11-3855.

II.

Plaintiff requests that the Court reconsider and amend pages 37-42 of the Memorandum

of Opinion and Order (ECF No. 69), which dismissed Plaintiff's § 1983 claim for malicious

prosecution.  In the alternative, Plaintiff moves the Court to certify an interlocutory appeal "as to

all dismissed defendants and claims" under Fed. R. Civ. P. 54(b)[3] or to certify certain issues

pursuant to 28 U.S.C. § 1292(b).  *See William B. Tanner Co. v. United States*, 575 F.2d 101, 102

(6th Cir. 1978) (per curiam) (absent certification for an interlocutory appeal under Fed. R. Civ. P.

54(b) or 28 U.S.C. § 1292(b), an order disposing of fewer than all parties or claims is

nonappealable).

---

[3] ECF No. 70 at 1.

3

(1:10CV0164)

    A.  <u>Plaintiff's Motion for Reconsideration</u>

    As District Judge Katz stated in *Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc.,* 904 F.Supp. 644, 669 (N.D. Ohio 1995),

> Motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In Re August, 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1406 (S.D. Ind. 1994). As such, motions for reconsideration are granted "very sparingly." *Bakari v. Beyer,* 870 F.Supp. 85, 88 (D. N.J. 1994)[, rev'd w/o opinion, 82 F.3d 404 (3rd Cir. 1996) (table)]. Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Bermingham v. Sony Corp. of America, Inc.,* 820 F.Supp. 834, 856 (D. N.J. 1992), *aff'd,* 37 F.3d 1485 (3rd Cir. 1993). Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings. *Karr v. Castle,* 768 F.Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom.* 22 F.3d 303 (3rd Cir. 1994), *cert. denied sub nom.,* [513] U.S. [1084], 115 S.Ct. 739, 130 L.Ed.2d 641 (1995). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database America, Inc., v. Bellsouth Advertising & Pub. Corp.,* 825 F.Supp. 1216, 1220 (D. N.J. 1993), citing *G-69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J. 1990).

    Since Plaintiff has neither pointed to a change in the controlling law, nor presented new evidence not previously available, his motion for reconsideration apparently seeks to remedy a clear legal error, or to prevent an obvious injustice. However, Plaintiff asserts nothing new that was not already presented to the Court. *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir. 1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mutual Insurance Co.,* 906 F.Supp. 616, 618 (D. Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing

(1:10CV0164)

party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table).

Accordingly, Plaintiff's Motion for Reconsideration is denied.

B.  Plaintiff's Motion for a Certification of Leave to Appeal and a Stay

An Order that disposes of some but not all claims may be appealable if it is so certified by the district court pursuant to Fed. R. Civ. P. 54(b).

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); *see generally* 10A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2715 (3d ed.).  Absent such a certification, the district court's ruling is merely interlocutory and not an appealable final decision over which the Court of Appeals would have jurisdiction.  28 U.S.C. § 1291; *see Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820-21 (6th Cir. 2005) (Rule 54(b) allows a district court to certify interlocutory review of certain orders prior to the ultimate disposition of a case); *Schenk v. Packaging Corp. of America*, 378 F.2d 367, 367-68 (6th Cir. 1967) (appeals from grant of one defendant's motions for summary judgment were properly before the Court of Appeals even though claims against the other defendants had not been adjudicated).  Rule 54(b) requires an express determination "that there is no just reason for delay" and a clearly indicated direction for the "entry of a final judgment as to one or more, but fewer than all, claims or parties." *Gen. Acquisition Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026, 1026 (6th Cir. 1997).

5

(1:10CV0164)

The Sixth Circuit has set forth a nonexhaustive list of factors for determining whether

there is a just reason to delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.* at 1030 (quoting Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., 807 F.2d

1279, 1283 (6th Cir. 1986).

After careful consideration of the status and circumstances of this case, the Court certifies

that its Order (ECF No. 69) granting qualified immunity to Defendants as to Plaintiff's claim for

malicious prosecution is a final and appealable order disposing of that claim.  This certification

allows Plaintiff leave to appeal this part of the Order to the Court of Appeals for the Sixth

Circuit.  After weighing the competing factors, the Court agrees with Plaintiff that "no just

reason" exists to delay entry of final judgment against Plaintiff as to the malicious prosecution

claim for three reasons.  First, Defendants Faith, Mayer, Lucas, and Metcalf have already taken

interlocutory appeals of the denial of qualified immunity.  All of the arguments to be presented

by Plaintiff and these defendants will, almost certainly, involve the same factual record and the

application of the qualified immunity doctrine to the facts therein.  Second, allowing Plaintiff to

appeal from this part of the Court's July 15, 2011 (ECF No. 69) decision will provide clarity as

to whether Defendants are entitled to qualified immunity with respect to the malicious

prosecution claim.  Third, requiring Plaintiff to wait until the three pending interlocutory

6

(1:10CV0164)

qualified-immunity appeals are resolved to challenge the qualified immunity of Defendants as to

the claim for malicious prosecution will cause needless delay.  Plaintiff's preference to expedite

the ordinary course by which cases involving multiple claims and multiple parties proceed to

finality under the Rules makes sense given the procedural posture of the case at bar.  The only

claims that remain pending in this action following the Court's decision on July 15, 2011 are the

false arrest claim against Defendants Lucas, Cross, Faith and Metcalf and the fabrication of

evidence claim against Defendants Lucas and Mayer.  *See McBeth v. Santi*, No. 02-cv-00851-

JLK-MJW, 2007 WL 2221148 (D.Colo. July 31, 2007) (order clarifying district court's earlier

Rule 54(b) certification).

As the Court has found that Rule 54(b) certification is appropriate, the Court need not,

and does not, address Plaintiff's alternative request for 28 U.S.C. § 1292(b) relief.

Since the Court is granting, in part, Plaintiff's motion for Rule 54(b) certification, the

Court finds that it is in the interest of justice to stay all trial court proceedings pending a decision

by the Court of Appeals on Plaintiff's appeal.  *Landis v. North American Co.*, 299 U.S. 248, 254

(1936) (district court has discretionary power to stay proceedings in its own court).  Accordingly,

Plaintiff's Motion for a Stay in this Court Pending the Outcome of the Appeal is granted.

III.

The denial of a qualified immunity defense entitles Defendants Faith, Mayer, Lucas, and

Metcalf to seek immediate appellate review.  *Meals v. City of Memphis, Tenn.*, 493 F.3d 720, 726

(6th Cir. 2007) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)).  Moreover, since this

doctrine is designed to shield public officials from unwarranted disruptions caused by discovery

7

(1:10CV0164)

and trial, a party who appeals an adverse qualified immunity ruling is entitled to have the underlying action stayed pending a resolution of the appellate review.  *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that "a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation.").  In light of this settled precedent, the Court deems it appropriate to stay further proceedings in this matter pending a resolution of the qualified immunity issue by the Sixth Circuit.

Furthermore, Plaintiff "has no objection to the Court granting a stay while an appeal proceeds." ECF No. 78 at 12.

IV.

Plaintiff's Motion for Reconsideration (ECF No. 70) is denied.  Having articulated the reasons for granting the certification, Plaintiff's Motion for a Certification of Leave to Appeal and a Stay (ECF No. 70) is granted, in part.  The Clerk is therefore directed to enter final judgment against Plaintiff and for Defendants on Plaintiff's claim for malicious prosecution upon the grounds that Defendants are entitled to qualified immunity with respect to that claim for the reasons set forth at pages 37-42 of the Memorandum of Opinion and Order (ECF No. 69).

Defendants Richland County, Matt Mayer, and Larry Faith's Motion for Stay Pending Appeal (ECF No. 73) is granted.

Defendant Lee Lucas's Motion for Stay Pending Appeal (ECF No. 74) is granted.

Defendant Charles Metcalf's Motion for Stay (ECF No. 77) is granted.

All proceedings in the case at bar are stayed until resolution of the interlocutory qualified-immunity appeals in Case Nos. 11-3853, 11-3854, and 11-3855, which are now

8

(1:10CV0164)

pending before the Sixth Circuit, and Plaintiff's yet to be filed appeal from the Court's decision

granting qualified immunity to Defendants as to his claim for malicious prosecution.


      IT IS SO ORDERED.


  August 23, 2011                                */s/ Benita Y. Pearson*         
Date                                            Benita Y. Pearson
                                              United States District Judge